**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ROSELINE EGHAREVBA**,

*Petitioner*,

v.

**JASON BENZEL**, ***et al.***,

*Respondents*.

Civil Action No. 26-cv-10628

**ORDER**

**THIS MATTER** comes before the Court on Petitioner Roseline Egharevba's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging her continued detention under 8 U.S.C. § 1231 and seeking, among other relief, immediate release from custody. (ECF No. 1). The Court has considered the Petition as well as Respondents' opposition and the supplemental materials submitted at the Court's direction.

**WHEREAS**, Petitioner is subject to a final order of removal, but Respondents now acknowledge that Petitioner's operative removal order was reinstated in April 2009, that the statutory removal period began at that time, and that the August 2026 reinstatement did not restart the removal period. (Gov't Supp. Resp., ECF No. 9 at 1–2); and

**WHEREAS**, for substantially the same reasons set forth in *Santamaria-Mejia v. ICE*, No. 26-7437, 2026 WL 2018107 (D.N.J. July 13, 2026), and for the reasons to be set forth in a forthcoming Order or Opinion, the Court finds that Petitioner's continued detention under 8 U.S.C. § 1231(a)(6) is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents have not identified any third country to which they intend to remove Petitioner, much less offered evidence that any country has agreed to accept her or that concrete steps toward removal have been

taken. Indeed, Respondents acknowledge that ICE was unable to provide "any specific information bearing on the foreseeability of removal," and the Government's declaration offers only the bald assertion that Petitioner "will" be removed to an unidentified third country and that such removal is "likely" to occur in the reasonably foreseeable future. (ECF No. 9 at 2; ECF No. 9-1 ¶¶ 20–21); therefore

**IT IS**, on this 2nd day of September 2026,

**ORDERED** that the Petition is **GRANTED** to the extent it challenges Petitioner's current detention under 8 U.S.C. § 1231(a)(6); and it is further

**ORDERED** that Respondents shall **IMMEDIATELY RELEASE** Petitioner from custody under her prior conditions of supervised release, if any, and file a letter on the docket confirming release; and it is further

**ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner pursuant to 8 U.S.C. § 1231(a)(6) absent materially changed circumstances bearing on the reasonable foreseeability of her removal; and it is finally

**ORDERED** that considering the relief granted herein, Petitioner shall advise the Court within seven (7) days as to whether she continues to seek additional relief including prospective injunctive or declaratory relief concerning any potential third-country removal. If Petitioner intends to pursue such relief, the Court will set an appropriate briefing schedule.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**